[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: 8 May, 1992 Date of Application: 8 May, 1992 Date Application Filed: 29 May, 1992 Date of Decision: 23 August 1994
Application for review of sentence imposed by the Superior Court Judicial District of Fairfield at Bridgeport. CT Page 9701 Docket No. CR90 61805T.
Dante R. Gallucci, Esq. For the Petitioner.
John Smirga, Esq. For the State of Connecticut.
BY THE DIVISION
The petitioner was convicted after a trial by jury of Manslaughter 2nd in violation of Conn. Gen. Stats. § 53a-56. The trial court imposed a sentence of ten years to serve, the maximum allowable sentence under the statute.
The record shows that the petitioner was identified by two independent witnesses as the shooter of a young victim in the City of Bridgeport. The victim died of multiple gun shot wounds inflicted by the petitioner who after the shooting rode away from the scene on his bicycle.
Counsel for the petitioner pointed out to the panel that this case originated in the Juvenile Court in Bridgeport since the petitioner was fourteen years old at the time of the shooting. Noting that the jury acquitted the petitioner of the murder, counsel noted that the petitioner was convicted under the recklessness portion of the Manslaughter statute. Contrary to most, the attorney pointed out that the petitioner had no juvenile convictions prior to this crime. In his pleas for mitigation, counsel noted that the petitioner came from the inner city of Bridgeport with its attendant harshness and that he lacked guidance from the traditional family structure since he was primarily in the foster care system in the State of Connecticut. In asking for a reduction of the sentence imposed, the attorney argued that the trial court did not give enough consideration to the fact that the petitioner had no prior record.
The attorney for the State of Connecticut noted that the killing was committed with a 380 pistol. Posing the philosophical question to the panel, counsel questioned if the petitioner did not receive the full sentence, what type of situation would it take to merit the full sentence envisioned CT Page 9702 by the legislature and imposed by the court. In conclusion, the attorney thought the sentence was very appropriate and urged the panel to affirm the sentence.
When the petitioner addressed the panel, he acknowledged that he was very young and immature when he committed the crime. He further expressed his sorrow for such a stupid act.
In reviewing the remarks of the sentencing judge, it is evident that he was extremely sensitive to the young age of the petitioner. However, he was struck by the fact that he felt society had to be protected from the petitioner in the future. In reviewing the reasoning of the sentencing judge in accordance with the requirements of P.B. Section 942, we find the sentence neither inappropriate for disproportionate in light of the nature of the crime. A life was taken in a willful and wanton manner. THE SENTENCE IS AFFIRMED.
Norko, J. Purtill, J. Klaczak, J.
Norko, J., Purtill, J. and Klaczak, J. participated in this decision.